IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re<br><br>Alexander E. Jones,<br>    Debtor, | Bankruptcy<br>Case No. 22-33553 (CML)<br><br>Chapter 11 |
| In re<br><br>Free Speech Systems LLC,<br>    Debtor, | Bankruptcy<br>Case No. 22-60043 (CML)<br><br>Chapter 11 |
| Neil Heslin, Scarlett Lewis, Leonard Pozner, Veronique De La Rosa, and Estate of Marcel Fontaine,<br>    Plaintiffs,<br><br>  v.<br><br>Alexander E. Jones and Free Speech Systems LLC,<br>    Defendants. | Adv. Pro. No.: 23-03035 |

**ORDER (A) SCHEDULING CERTAIN DATES
AND DEADLINES, (B) ESTABLISHING CERTAIN PROTOCOLS IN
CONNECTION WITH SUCH HEARINGS, AND (C) GRANTING RELATED RELIEF**

    Upon the Motions, dated March 24, 2023 (the "Motions") of the Texas Plaintiffs[1] and the Connecticut Plaintiffs (together, the "Sandy Hook Families") for entry of an order (this "Order") pursuant to section 105 of the Bankruptcy Code, Bankruptcy Rules 7016, 9006, and 9013, and rule 7007-1 of the Bankruptcy Local Rules, seeking entry of an order: (a) approving the Adversary Schedule and (b) establishing the Exhibit Protocol, all as more fully set forth in the Motions; and this Court having jurisdiction to consider the Motions and the relief requested therein

---

[1]   Capitalized terms not otherwise defined in this Order shall share the meanings ascribed to them in the Motions.

1

pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motions and hearing thereon having been given as set forth in the Motions; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motions; and this Court having held a hearing (the "Hearing") to consider the relief requested in the Motions; and upon the record of the Hearing; and it appearing that the legal and factual bases set forth in the Motions establish just cause for the relief granted herein; and it appearing that the relief requested in the Motions is in the best interests of the Debtor, its estates, creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The following dates and deadlines in connection with the Adversary Proceeding (the "Adversary Schedule") are hereby approved for resolution of the Sandy Hook Families' claims:

| Date | Event |
|---|---|
| **April 26, 2023** | **Summary Judgment Motion Deadline.** The date by which the Adversary Parties must file and serve motions for summary judgment in the Adversary Proceedings. |
| **May 24, 2023** | **Summary Judgment Motion Response Deadline.** The date by which Adversary Parties must file responses, if any, to motions for summary judgment. |
| **June 14, 2023** | **Reply to Summary Judgment Motion Response Deadline.** The date by which Adversary Parties must file replies, if any, to responses to motions for summary judgment, if any. |
| **June 16, 2023** | **Deadline to Exchange Exhibit Lists.** The date by which the Adversary Parties must exchange Exhibit Lists in connection with the Summary Judgment Hearing. |

| Date | Event |
|---|---|
| **June 21, 2023** | **Summary Judgment Hearing.** Subject to the Court's availability, the proposed date for the hearing to consider the relief requested in the Adversary Complaints. |

2. Failure to comply with any of the dates or deadlines set forth in the above Adversary Schedule shall be a waiver of the applicable event by the non-complying party. The Adversary Parties may amend the Adversary Schedule only upon the agreement of the Adversary Parties and the consent of the Court.

3. The Adversary Schedule shall govern the dates and deadlines for the Adversary Proceeding. Nothing set forth herein or in the Motions shall be deemed to impair the ability of any Adversary Party to seek Court approval of other dates and deadlines with respect to the Adversary Proceeding or related proceedings.

4. The Exhibit Protocol shall govern the exchange of Exhibit Lists and the filing of such Exhibit Lists with the Court. The Adversary Parties may not amend the Exhibit Protocol without further order from the Court.

5. All time periods set forth in this order shall be calculated in accordance with Bankruptcy Rule 9006(a).

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. The Adversary Parties are authorized to take all action necessary or appropriate to carry out the relief granted in this Order.

8. This Court shall retain jurisdiction over all matters arising from or related to the interpretation, implementation, and enforcement of this Order.

Dated: _____, 2023
      Houston, Texas

_____
**CHRISTOPHER LOPEZ**
**UNITED STATES BANKRUPTCY JUDGE**