```
 1                IN THE UNITED STATES BANKRUPTCY COURT
                   FOR THE SOUTHERN DISTRICT OF TEXAS
 2                          HOUSTON DIVISION

 3  NEIL HESLIN, ET AL              §     CASE NO. 23-03034-ADV
                                    §     HOUSTON, TEXAS
 4  VERSUS                          §     TUESDAY,
                                    §     APRIL 4, 2023
 5  ALEXANDER E. JONES, ET AL       §     11:01 A.M. TO 11:15 A.M.
    ************************************************************
 6  NEIL HESLIN, ET AL              §     CASE NO. 23-03035-ADV
                                    §     HOUSTON, TEXAS
 7  VERSUS                          §     TUESDAY,
                                    §     APRIL 4, 2023
 8  ALEXANDER E. JONES, ET AL       §     11:01 A.M. TO 11:15 A.M.
    ************************************************************
 9  DAVID WHEELER, ET AL            §     CASE NO. 23-03036-ADV
                                    §     HOUSTON, TEXAS
10  VERSUS                          §     TUESDAY,
                                    §     APRIL 4, 2023
11  ALEXANDER E. JONES, ET AL       §     11:01 A.M. TO 11:15 A.M.
    ************************************************************
12  DAVID WHEELER, ET AL            §     CASE NO. 23-03037-ADV
                                    §     HOUSTON, TEXAS
13  VERSUS                          §     TUESDAY,
                                    §     APRIL 4, 2023
14  ALEXANDER E. JONES, ET AL       §     11:01 A.M. TO 11:15 A.M.

15               **SCHEDULING CONFERENCE (VIA ZOOM)**

16          BEFORE THE HONORABLE CHRISTOPHER M. LOPEZ
                  UNITED STATES BANKRUPTCY JUDGE
17
        APPEARANCES:                        SEE NEXT PAGE
18      ELECTRONIC RECORDING OFFICER: ZILDE MARTINEZ
        COURTROOM DEPUTY:             ZILDE MARTINEZ
19

20                   TRANSCRIPTION SERVICE BY:

21             JUDICIAL TRANSCRIBERS OF TEXAS, LLC
                     935 Eldridge Road, #144
22                    Sugar Land, TX 77478
                         281-277-5325
23                  www.judicialtranscribers.com

24
         Proceedings recorded by electronic sound recording;
25         transcript produced by transcription service.



                   JUDICIAL TRANSCRIBERS OF TEXAS, LLC
```

```
 1                    APPEARANCES (VIA ZOOM):

 2

 3  FOR THE TEXAS PLAINTIFFS:      WILLKIE FARR GALLAGHER, LLP
                                   Jennifer J. Hardy, Esq.
 4                                 600 Travis St., Ste. 2310
                                   Houston, TX  77002
 5                                 713-510-1766

 6

 7  FOR FREE SPEECH SYSTEMS:       Ray Battaglia, Esq.

 8

 9  FOR MR. JONES:                 CROWE & DUNLEVY
                                   Vickie Driver, Esq.
10                                 2525 McKinnon Street, Ste. 425
                                   Dallas, TX  75201
11                                 214-420-2142

12  FOR THE CONNECTICUT
    PLAINTIFFS:                    PAUL WEISS
13                                 Daniel S. Sinnreich, Esq.
                                   1285 Avenue of the Americas
14                                 New York, NY  10001-6064
                                   212-373-3394
15
                                   CAIN & SKARNULIS, PLLC
16                                 Ryan Chapple, Esq.
                                   303 Colorado Street
17                                 Suite 2850
                                   Austin, TX  78701
18                                 512-477-5000

19

20  FOR THE OFFICIAL COMMITTEE
    OF UNSECURED CREDITORS:        AKIN GUMP STRAUSS HAUER
21                                 & FELD, LLP
                                   David M. Zensky, Esq.
22                                 One Bryant Park
                                   Bank of America Tower
23                                 New York, NY  10036
                                   212-872-1000
24

25
```

**HOUSTON, TEXAS; TUESDAY, APRIL 4, 2023; 11:01 A.M.**

THE COURT: Okay. Good morning, everyone. This is Judge Lopez. Today is April 4th. Folks, the line is completely unmuted. I'm going to ask everyone to please keep your phone on mute unless you're addressing the Court. I'm going to try to give this a chance.

We're here on a Scheduling Conference in Adversary Proceedings. Let me go ahead and take appearances. Why don't I start in the courtroom?

MS. HARDY: Good morning, Your Honor. Jennifer Hardy of Willkie Farr on behalf of the Texas Plaintiffs. Also on the line, I have Ms. Kara Cisco (phonetic) from Willkie.

THE COURT: Okay. Good morning.

Okay. Mr. Battaglia, I see you there. Good morning.

MR. BATTAGLIA: Good morning, Your Honor. Ray Battaglia for Free Speech Systems.

THE COURT: Okay. Does anyone else wish to make an appearance today?

MS. DRIVER: Your Honor, Vickie Driver with Crowe & Dunlevy on behalf of Mr. Jones. I'm also here with two of my colleagues who will be filing for a *pro hac vice* very soon, Mr. Christopher Davis and Mr. Derek McClellan out of my office. You may see them there on your screen.

1          THE COURT:  Okay.
2          MS. DRIVER:  And I'm here to introduce them and if
3 Your Honor would not mind, they have had far more to do with
4 negotiating what will be presented to the Court today.  Even
5 without the *pro hac*, would Your Honor mind terribly if
6 either Mr. Davis or Mr. McClellan spoke?
7          THE COURT:  Absolutely not.  Welcome, and welcome.
8          Okay.  Anyone from --
9          MS. DRIVER:  Thank you, Your Honor.
10         THE COURT:  -- let me just start with any other
11 party in the FSS case and then I'll turn to the members of
12 the Jones case.
13         MR. SINNREICH:  Good morning, Your Honor.  Dan
14 Sinnreich from Paul Weiss for Connecticut Plaintiffs in both
15 cases and my colleague Martin Salmouchy (phonetic) is also
16 on the line and also appearing by video.
17         THE COURT:  Okay.  Good morning.
18         MR. SINNREICH:  Good morning.
19         MR. CHAPPLE:  Good morning, Your Honor.  Ryan
20 Chapple on behalf of the Connecticut Plaintiffs, as well.
21         THE COURT:  Okay.  Good morning.
22         And some folks are still joining.  I'm going just
23 ask everyone, the line is completely unmuted.  There's about
24 26 callers, including me, on the line right now.  I'm just
25 asking everyone to keep their phone on mute until -- I think

1  we can pull this off without having to do the five star.
2         So anyone else wish -- let me turn over to the
3  Jones case.  Anyone from the Committee wish to make an
4  appearance in the Jones case?
5         MR. ZENSKY:  Good morning, Your Honor.  David
6  Zensky, Akin, for the Official Committee of Unsecured
7  Creditors.  The Committee is not a party to the adversary.
8  I don't anticipate having to make any comments, but the
9  Committee is available should anything arise that the Court
10 needs to hear from us.
11        THE COURT:  Perfect.  Thank you very much,
12 Mr. Zensky.  Good to see you.
13        MR. ZENSKY:  Good to see you, Your Honor.
14        THE COURT:  Anyone else wish to make an appearance
15 today?
16     (No audible response.)
17        THE COURT:  Okay.  Who should I turn this over to?
18        MS. HARDY:  Your Honor, I have to make a couple of
19 introductory remarks, then I will turn it over to
20 Mr. Sinnreich at Paul Weiss.
21        THE COURT:  All right.
22        MS. HARDY:  So Your Honor, we're here on two
23 Scheduling Motions and the two non-dischargability Adversary
24 Proceedings, well, four -- two on behalf of the Texas
25 Plaintiffs, two on behalf of the Connecticut Plaintiffs.

1            We filed Scheduling Motions.  We've been in
2  discussions with the Debtor, both the Texas and Connecticut
3  Plaintiffs and I believe we have largely resolved issues
4  with respect to the Scheduling Motions.
5            THE COURT:  Okay.
6            MS. HARDY:  And I believe Mr. Sinnreich is going
7  to outline the resolutions.
8            THE COURT:  Okay.  Thank you.
9            Mr. Sinnreich, I'll turn it over to you, sir.
10           MR. SINNREICH:  Thank you very much, Judge, and
11 thank you for not making me try to figure out the five star
12 stuff today.
13      (Laughter)
14           MR. SINNREICH:  Good morning -- afternoon,
15 everyone.  Dan Sinnreich from Paul Weiss on behalf of the
16 Connecticut Plaintiffs.
17           As my colleague just mentioned, we've been in
18 contact and we've met and conferred with Counsel for the
19 Debtors over the last several days.  I think -- although I'm
20 sure Mr. McClellan, Mr. Davis, Mr. Battaglia will keep me
21 honest.  I think that we've reached consensus on scheduling
22 for these summary judgment motions.
23           The agreement with respect to Jones FSS are
24 different, so I'll start with the agreement with respect to
25 Jones.

1               THE COURT:  Uh-huh.

2               MR. SINNREICH:  With respect to Mr. Jones, we've
3   agreed on a modified schedule that would first extend
4   Mr. Jones' time to answer the non-dischargability complaint
5   and that would also push back the summary judgment briefing
6   schedule that had originally proposed in our motion by about
7   2-1/2 weeks.  That time will be helpful to Debtor's Counsel
8   to familiarize themselves with the State Court record and
9   the State Court judgment that we expect will be the subject
10  of the summary judgment motion.

11              So the agreed on schedule would be -- and we'll
12  follow -- subject obviously to Court approval, we can follow
13  this up if everything is ironed out with the stipulation and
14  proposed order that memorializes this to make life as easy
15  as possible for Your Honor and different parties.

16              The proposed schedule would be that Mr. Jones
17  answers the Complaint on April 28th, 2023; that the Sandy
18  Hook family's summary judgment motion would be filed on or
19  before May 12th; that Mr. Jones' opposition or response
20  would be due on June 12th; that the Sandy Hook family's
21  reply brief would be due on July 7th; and that obviously
22  Your Honor will schedule a hearing if a hearing is
23  appropriate, at your convenience, and we would propose that
24  the deadline to exchange Exhibit Lists be due approximately
25  one week -- or not approximately, excuse me, would be due

1 one week before the scheduled summary judgment hearing, if
2 the hearing is scheduled.
3       THE COURT:  Did you have a proposed week that you
4 wanted, you were thinking about for the hearing on the
5 summary judgment?
6       MR. SINNREICH:  So Your Honor, it's summer and I
7 understand that folks are traveling.  I wouldn't want to
8 propose one without consulting with my colleagues and with
9 our opposing counsel.  Maybe what we can do, if it's okay
10 with Your Honor and if it's okay with my adversaries, is we
11 can all circle up and compare calendars and maybe propose a
12 week or two that we think works best.  Obviously is the
13 Court has blackout dates, we'll avoid those.
14       THE COURT:  Yeah, just reach out to my case
15 manager when you have kind of a -- maybe a couple of
16 proposed dates and let's just get one on the calendar for
17 that.
18       MR. SINNREICH:  Will do, absolutely.
19       THE COURT:  And then you can upload the stuff, you
20 know, when you've got everything there, all the dates, and I
21 can just sign it.
22       MR. SINNREICH:  Okay.  Will do, Your Honor.  We'll
23 do that before we upload the Stip and proposed order.
24       THE COURT:  Okay.  Okay.  Mr. Jones, what about
25 FSS?

1     MR. SINNREICH: Sure, so with respect to FSS,
2 there's a threshold legal issue in the FSS Adversary
3 Proceeding about whether a corporate Debtor proceeding under
4 Subchapter V like FSS can be held liable for claims under
5 Section 523(a) of the Bankruptcy Code.
6     THE COURT: Uh-huh.
7     MR. SINNREICH: It's a relatively new legal issue,
8 a novel legal issue, and as Your Honor may be aware, there's
9 a split authority on this issue. The Bankruptcy Court in
10 the Western District of Texas just issued a ruling on this
11 issue and then after the ruling, certified a direct appeal
12 to the Fifth Circuit to resolve precisely this question.
13     THE COURT: Uh-huh.
14     MR. SINNREICH: There's a petition pending in the
15 Fifth Circuit requesting leave to pursue a direct appeal
16 that was filed about two weeks ago, and our proposal would
17 be -- and the parties have agreed, subject to Court
18 approval, that we would abate the Adversary Proceeding with
19 respect to FSS until 14 days after the Fifth Circuit issues
20 an opinion on -- in this appeal on the question of whether a
21 corporate Debtor proceeding under Subchapter V can be held
22 liable under -- for claims under Section 523(a) of the Code.
23     THE COURT: Okay. So I take it, if the Fifth
24 Circuit takes it, everything will just be abated and we'll
25 wait for the Fifth Circuit to rule. And if the Fifth

1  Circuit doesn't take it, then someone will reach out and
2  we'll figure out where things go.
3              MR. SINNREICH:  Right.  Your Honor, I mean,
4  obviously I'll defer to Mr. Battaglia on his preference with
5  respect to his client, but I expect that what would happen
6  is that he would file a motion to dismiss with respect to
7  FSS on those grounds.
8              THE COURT:  No, I got it.
9              So just in terms of -- so for now, the FSS
10 Adversary Proceeding will just -- somebody will upload
11 something that just abates all the deadlines until further
12 Order of the Court or something.  And then someone will
13 reach out when it's time.  That makes sense.  That's fine
14 with me.
15             MR. SINNREICH:  That's right.  That's the
16 agreement between the parties and sounds like it's okay with
17 the Court.  So we'll --
18             THE COURT:  Yeah, 100 percent.
19             MR. SINNREICH:  -- get something.
20             THE COURT:  100 percent.  And I'm familiar with
21 the legal issue and I know the posture of where things sit
22 with the Fifth Circuit with respect to Judge Gardanas'
23 (phonetic) decision, so I've got no issues with it.
24             MR. SINNREICH:  Great.  Your Honor, nothing else
25 -- unless Your Honor has questions, nothing else from the

1  Connecticut Plaintiffs.  I think that that irons out the
2  various issues we've raised with our scheduling motion, so
3  obviously if my colleagues, you know, Counsel for the Texas
4  Plaintiffs or any of the Debtors have something to correct
5  any mistakes I may have made, I'm happy to turn the
6  microphone over.
7           THE COURT:  All right.  Ms. Hardy?
8           MS. HARDY:  Thank you, Your Honor.
9           And Your Honor, what Mr. Sinnreich described with
10 respect to the Connecticut Plaintiffs would also apply with
11 respect to the Texas Plaintiffs, so we have agreed with
12 that.
13          THE COURT:  Right.
14          MS. HARDY:  I did also want to mention one
15 additional thing.  I think both the Texas and Connecticut
16 Plaintiffs initially filed the Adversary Proceedings, we had
17 contemplated consolidated Adversary Proceedings against FSS
18 and Jones.  Obviously this is taking different paths, and so
19 we have agreed to dismiss without prejudice Mr. Jones from
20 the FSS Adversary and FSS from Mr. Jones' Adversary
21 Proceeding so they will proceed as two Adversary Proceedings
22 with a sole Defendant.
23          THE COURT:  Got it.
24          MS. HARDY:  I think that also covers everything --
25 oh, other than, you know, of course, in the event that the

1  Court does not grant summary judgment in the Jones' case,
2  we've only agreed so far as to the schedule regarding
3  summary judgment.  Then of course, we would --
4              THE COURT:  Yeah, I think that makes sense.
5              MS. HARDY:  -- meet-and-confer about a subsequent
6  schedule.
7              THE COURT:  That makes perfect sense.  That makes
8  perfect sense.  Thank you.
9              Okay.  The schedule that the parties have
10 proposed, it makes perfect sense.  If it works for you-all,
11 I've got no issues with it and I'll be incredibly
12 accommodating on the dates.  Just find a time that works.
13 But I'm going to want to -- they're important issues, so I
14 am going to want to block out, you know, essentially have
15 half an afternoon on it unless the parties take the entire
16 afternoon, but I want to make sure that everyone has as much
17 time as they need to make whatever arguments they want, and
18 everyone is prepared for it.
19             So just reach out to my Case Manager once you-all
20 have agreed.
21             Let me just turn to -- I guess, Mr. Battaglia, it
22 sounds like your adversary is going to get put on ice for a
23 while.
24             So Ms. Driver, I just want to confirm that you-all
25 are okay -- or I should say for anyone here who is appearing

1 on behalf of Mr. Jones that these dates -- these proposed
2 dates are acceptable?
3             MR. MCCLELLAN:  Yes, Your Honor.
4             MS. DRIVER:  I'm going to turn this over to
5 Mr. McClellan.  Thank you.
6             THE COURT:  Oh, Mr. McClellan, I see you there.  I
7 found the box.  Sorry about that.
8             MR. MCCLELLAN:  So I'm -- yes, Your Honor,
9 everything in regard to scheduling and everything that has
10 been discussed today is consistent with the understanding
11 that -- the agreement that we, you know, hammered out over
12 the last couple of days.
13             THE COURT:  Okay.  All righty.  So you-all are --
14 my understanding is everybody is going to reach out and get
15 some dates and reach out to my case manager, once everything
16 is solidified.  And then you'll upload whatever you --
17 whenever you upload it, reach out to my case manager.  I'll
18 take a look at it and I'll get it signed and on the Docket
19 right away, okay?  Thanks, everyone.
20             Anything else we need to talk about today?
21             MR. SINNREICH:  Nothing for the Connecticut
22 Plaintiffs.  Thank you, Your Honor.
23             THE COURT:  Okay.  Thank you.
24             Anything else?
25         (No audible response.)

1          THE COURT: Okay. All righty, folks. Thank you
2 very much for your time. Just upload it and let me know.
3          Thank you.
4          THE CLERK: All rise.
5     (Proceeding adjourned at 11:14 a.m.)
6                    * * * * *
7          *I certify that the foregoing is a correct*
8 *transcript to the best of my ability produced from the*
9 *electronic sound recording of the ZOOM/telephonic*
10 *proceedings in the above-entitled matter.*
11 */S/ MARY D. HENRY*
12 *CERTIFIED BY THE AMERICAN ASSOCIATION OF*
13 *ELECTRONIC REPORTERS AND TRANSCRIBERS, CET**337*
14 *JUDICIAL TRANSCRIBERS OF TEXAS, LLC*
15 *JTT TRANSCRIPT #67082*
16 *DATE FILED: APRIL 10, 2023*
17
18
19
20
21
22
23
24
25